**Nicholas GERMANO, Plaintiff,**

v.

**The CITY OF MAYFIELD HEIGHTS, Mayor Ross Dejohn, Police Chief Dominic M. Caprara, Finance Director Robert G. Tribby, Defendants.**

No. C86–2040.

United States District Court,
N.D. Ohio, E.D.

Dec. 5, 1986.

Clyde P. Evans, Jr., Chesterland, Ohio, plaintiff.

Vincent Fuedo, Mayfield Heights, Ohio, for defendants.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

KRENZLER, District Judge.

The present case was filed by the plaintiff as a 42 U.S.C. § 1983 action, based

upon the alleged deprivation of a constitutional right to property without due process. The property rights involved are sixteen days of sick leave, valued at $1,768, and a $166.60 clothing allowance. In response to the plaintiff's complaint, the defendants filed a motion to dismiss and for attorney fees.

■ The instant action falls within that class of cases brought pursuant to § 1983 which are commonly referred to as "procedural due process cases." It has been held that in order for a person to maintain a 42 U.S.C. § 1983 action on procedural due process grounds, the person must allege and prove that there was not an adequate state remedy. This has been discussed thoroughly in *Haag v. Cuyahoga County*, 619 F.Supp. 262 (D.C.Ohio 1985), and in *Eaton v. City of Solon*, 598 F.Supp. 1505 (D.C. Ohio 1984).

Based on the allegations of the complaint, this Court concludes that the present case cannot be sustained in this court as a § 1983 action and should have been brought under state law in state court.

The plaintiff contends that he was entitled to a predeprivation hearing or an opportunity to be heard before he was deprived of his property right in his sick leave and clothing allowance. The defendants contend that the plaintiff's due process rights were not violated because there were adequate post-deprivation proceedings under state law.

In *Cleveland Board of Education v. Loudermill, et al.*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), the Supreme Court of the United States stated that in termination of employment cases, there must be some type of pretermination proceedings. The proceedings need not be formal but the employee should be given an opportunity to respond to any charges and to provide the employer with additional information before a decision to terminate is made. The Supreme Court concluded that "all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures" as provided under state law. 105 S.Ct. at 1496.

*Loudermill* further held that the type of notice and opportunity to be heard depends on the nature of the case. The need for the opportunity to be heard *prior* to a deprivation occurs when a person is deprived of a *significant* property interest. 105 S.Ct. at 1493. *See also Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). The Supreme Court held in *Loudermill* that employment is a significant property interest. Thus, in employment cases, due process requires that there be an opportunity to be heard by the employee prior to termination.

The question to be determined in this case is whether all alleged property interests, no matter how small or insignificant, would require a predeprivation notice and hearing.

*Loudermill* is limited to fact situations which involve termination of employment. *Loudermill* did not expressly state that in all deprivation of property cases it is necessary for the governmental agency to have an established predeprivation proceeding. The Supreme Court recognized that "[t]here are, of course, some situations in which a post-deprivation hearing will satisfy due process requirements." 105 S.Ct. at 1493 n. 7.

■ This Court holds that to require predeprivation proceedings, there must be a significant property interest at stake. Under facts and circumstances involving significant property interests, both predeprivation and post-deprivation proceedings must exist to satisfy the due process requirements of the Fourteenth Amendment. However, in cases involving minor or insignificant property interests, a post-deprivation hearing or procedure will suffice to satisfy due process.

If the Court were to hold otherwise, all governmental agencies would have to establish some type of predeprivation proceedings for any and all property interests. If the governmental agency did not have these proceedings, the federal courts would

be inundated with § 1983 cases alleging property due process violations in cases that do not involve "significant" property interests for purposes of § 1983.

The Court recognizes that it would be simpler to hold that all property interests are significant, and that whenever a party alleges that he or she has been deprived of any property interest, there must be a pre-deprivation proceeding. However, not all property interests are significant and rise to the level of a constitutional deprivation, which requires both predeprivation and post-deprivation proceedings. Under some circumstances, a post-deprivation proceeding is sufficient to satisfy procedural due process requirements. Whether a property interest is "significant" or "insignificant" will have to be decided by the courts on a case-by-case basis.

Under the facts in the present case, this Court holds that the alleged property interests involved—sick leave and the clothing allowance of a police officer—are not of such a significant nature that a predeprivation proceeding is required. Post-deprivation proceedings satisfy due process in this case. Such post-deprivation proceedings are available under Ohio law. *See* Ohio Rev.Code Ann. §§ 2506.01, *et seq.*, Appeals from Orders of Administrative Officers, and Agencies.

Accordingly, the defendants' motion to dismiss is granted. As to the attorney fees, the defendants' motion is overruled. Costs to be taxed to the plaintiff.

IT IS SO ORDERED.